IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

UNITED STATES OF AMERICA

v.   Case No. 4:25CR22

ISAIAH LUKE HOOD,
a/k/a "Bristol"
a/k/a "Wyatt"
a/k/a "Levi"

Defendant.



## STATEMENT OF FACTS

The United States and the defendant, ISAIAH LUKE HOOD, a/k/a "Bristol", a/k/a "Wyatt", a/k/a "Levi" (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. In or around December 2023 through February 2024, the defendant was utilizing different social media platforms to engage in sexually graphic conversations with females under the age of eighteen (18).

2. In or around February 2024, a complainant found these sexually graphic conversations and images of child sexual abuse material (CSAM) on the defendant's cellphone and brought this information to the attention of the defendant's command.

3. Based upon this complaint, the command initiated an investigation. The defendant was brought in for questioning and was properly advised of all his rights, Miranda and Military, waived them and agreed to speak with investigators.

4. During the course of his interview the defendant advised that once the complainant found the conversations and images of CSAM he deleted them as he did not want to get in trouble.

1

The defendant also advised that he helped another individual delete the contents of their phone as well because he knew that this person also had CSAM on his phone.

5. The defendant provided some names and usernames of the minor females he was engaging in conversation with. This information assisted investigators in fully identifying multiple victims.

6. The fully identified victims were forensically interviewed. Eight juvenile females (hereinafter "Jane Doe 1", "Jane Doe 2" "Jane Doe 3" "Jane Doe 4" "Jane Doe 5" "Jane Doe 6" "Jane Doe 7" "Jane Doe 8") were able to positively identify the defendant and confirmed that they had engaged in sexually graphic conversations with the defendant.

7. Each victim confirmed that they never met the defendant in person and that all of the conduct occurred online, via message, or over video chat.

8. Jane Doe 1, Jane Doe 2, Jane Doe 3, Jane Doe 4, Jane Doe 5 and Jane Doe 6 confirmed that they personally recorded, at the defendant's instruction, the CSAM and sent it to the defendant. The defendant did not utilize any screen recording devices.

9. Jane Doe 1, Jane Doe 2, Jane Doe 3, Jane Doe 4, Jane Doe 5, Jane Doe 6, Jane Doe 7, and Jane Doe 8 are all victims of the defendant.

10. The defendant engaged in conversations with Jane Doe 1, a juvenile female child, in or around March 2023 through May 2023 where he instructed Jane Doe 1 to engage in sexually explicit conduct, record it and send him the video. Jane Doe 1 advised she did as instructed and sent the defendant a video of herself engaged in sexually explicit conduct, specifically, actual and simulated masturbation, and actual and simulated lascivious exhibition of the anus, genitals or pubic area. Jane Doe 1 advised that the defendant knew she was not 18.

11. The defendant admits that in or around March 2023 through May 2023, in the

Eastern District of Virginia, he did knowingly and attempted to employ, use, persuade, induce, entice, and coerce a minor, Jane Doe 1, who had not attained the age of 18 years to engage in sexually explicit conduct as detailed in Count 1 of the Indictment, specifically, actual and simulated lascivious exhibition of the anus, genitals or pubic area.

12. The defendant further admits that the video detailed in Count 1 of the Indictment constitutes "child pornography" as defined in 18 U.S.C. § 2256(8).

13. The defendant further admits that Jane Doe 2, Jane Doe 3, Jane Doe 4, Jane Doe 5, Jane Doe 6, Jane Doe 7, and Jane Doe 8 are also victims of his conduct that occurred March 2023 through February 2024.

14. The defendant further admits that all images and or videos detailed in Counts 1 had been mailed, shipped, or transported in interstate and foreign commerce by any means, including by computer.

15. These events occurred in the Eastern District of Virginia and elsewhere.

16. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

17. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

Respectfully submitted,

Erik S. Siebert
United States Attorney

By: _____
Devon E.A. Heath
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, ISAIAH LUKE HOOD, a/k/a "Bristol", a/k/a "Wyatt", a/k/a "Levi, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
ISAIAH LUKE HOOD
a/k/a "Bristol", a/k/a "Wyatt", a/k/a "Levi,

I, Daymen W.X. Robinson, am the defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Daymen W.X. Robinson, Esq.
Attorney for ISAIAH LUKE HOOD
a/k/a "Bristol", a/k/a "Wyatt", a/k/a "Levi